UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON HALL,<br><br>   Plaintiff,<br><br>v.<br><br>JAMEY THOMAS,<br><br>   Defendant. | Case No. 1:21-cv-00484-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Jamey Thomas's Motion to Dismiss for lack of personal jurisdiction. Dkt. 7. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS the Motion.

## II. BACKGROUND[1]

Plaintiff Jason Hall currently resides in Eagle, Idaho. Defendant Jamey Thomas currently resides in Rancho Cordova, California.

---

[1] Unless otherwise referenced, the following facts are taken from Plaintiff's Complaint. Dkt. 1.

MEMORANDUM DECISION AND ORDER - 1

Sometime in 2019, Hall hired Thomas to train some of his thoroughbred racehorses.[2] In the spring of 2021, Thomas began training Hall's horse, Velocemente, in California. On April 3, 2021, Velocemente made her career debut race at Golden Gate Fields in Berkeley, California. Less than half way through the race, Velocemente suffered injuries. The track veterinarian determined that the horse had three broken legs. As a result, the track veterinarian euthanized Velocemente.

Hall filed suit on December 7, 2021, alleging negligence against Thomas for failing to address the medical needs of Velocemente. Dkt. 1. On December 20, 2021, Thomas filed his answer. Dkt. 3. In his answer, Thomas raised lack of personal jurisdiction and improper venue as defenses. On December 29, 2021, Thomas filed the instant motion to dismiss for lack of personal jurisdiction. Dkt. 7.

### III. LEGAL STANDARD

**A. Motion to Dismiss under Rule 12(c)**

When the pleadings have closed, but within such time as not to delay trial, any party may move for a judgment on the pleadings. Fed. R. Civ. P. 12(c). The Court construes Thomas's Motion to Dismiss as a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure ("Rule") 12(c) because Thomas had already answered Hall's Complaint, and the pleadings had thus closed, when Thomas filed the Motion to Dismiss. *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) (explaining that

---

[2] The following facts are construed in the light most favorable to [plaintiff], the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

MEMORANDUM DECISION AND ORDER - 2

courts may convert a motion to dismiss into a motion for judgment on the pleadings under Rule 12(c) if it is filed after the moving party has already answered).

Rule 12(c) is substantially identical to Rule 12(b), as both permit challenges to the legal sufficiency of the opposing party's pleading. *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002); *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing [and] the motions are functionally identical . . . ."); *see also White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*, 407 F. Supp. 3d 931, 949 (S.D. Cal. 2019) (using Rule 12(c) where a defendant moved for dismissal for lack of personal jurisdiction under Rule 12(b)(2)).

Under Rule 12(b)(2), a defendant may seek dismissal of an action due to lack of personal jurisdiction. When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the exercise of personal jurisdiction is proper. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A court cannot adjudicate claims against a defendant over whom it has no jurisdiction. To establish personal jurisdiction, the plaintiff must show that "the statute of the forum confers personal jurisdiction over the nonresident defendant" and that the exercise of jurisdiction conforms with the federal constitutional principles of due process. *See Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).

Where, as here, the motion to dismiss is based on written materials, and where an evidentiary hearing has not been conducted, Hall needs to establish only a prima facie showing of jurisdictional facts to withstand the motion. *Wells Cargo, Inc. v. Transp. Ins.*

*Co.*, 676 F. Supp. 2d 1114, 1118 (D. Idaho 2009) (citing *Ballard v. Savage,* 675 F.3d 1495 (9th Cir. 1995)). The Court must take Hall's uncontroverted allegations in his Complaint as true and resolve factual disputes in affidavits in his favor. *Id.* (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002)).

Where there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies. *Boschetto v. Hansing*, 539 F.3d 1101, 1015 (9th Cir. 2008); *Yahoo! v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). "Because Idaho's long-arm statute . . . allows a broader application of personal jurisdiction than the Due Process Clause, the Court need look only to the Due Process Clause to determine personal jurisdiction." *Hill v. Union Pac. R. R. Co.*, 362 F. Supp. 3d 890, 895 (D. Idaho 2019) (citing *Wells Cargo*, 676 F. Supp. 2d at 1119 ("Thus, under Idaho law, the jurisdictional analysis and federal due process analysis are the same.")).

The Due Process Clause requires that a nonresident defendant have sufficient "minimum contacts" with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Under federal law, personal jurisdiction can be either general or specific. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1776 (2017).

## IV. DISCUSSION

Thomas asserts this action should be dismissed based on a lack of personal jurisdiction. Dkt. 7. Below the Court assesses whether it has general or specific personal jurisdiction over Thomas.

### A. General Jurisdiction

A court may exercise general jurisdiction only when a defendant is "essentially at home" in the forum state. *See Ford Motor Co. v. Mont. Eighth Jud. Dist.*, 141 S. Ct. 1017, 1024 (citing *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction is properly exercised by a state when the defendant has contacts with the forum that are so "continuous and systematic" as to render the defendant "essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (cleaned up). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to [general] jurisdiction there." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Bristol-Myers Squibb Co.*, 137 S.Ct. at 1779–80 (quoting *Goodyear Dunlop Tires Operations*, 564 U.S. at 924).

In the present case, it is undisputed that Thomas is a California resident. *See* Dkt. 1, at ¶ 4. Because Thomas is an individual domiciled in California and not Idaho, the Court lacks general jurisdiction over Thomas.[3]

### B. Specific Jurisdiction

Having decided that general jurisdiction is inapplicable here, the Court turns to whether it has specific jurisdiction over Thomas. A court has specific jurisdiction over a

---

[3] In the alternative, if Thomas was domiciled in Idaho instead of California, then the Court would lack diversity jurisdiction in this case. Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Complete diversity exists if none of the plaintiffs is a citizen of the same state as any of the defendants. Caterpillar, 519 U.S. at 68; Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).

defendant "if the controversy is sufficiently related to or arose out of the defendants' contacts with the forum." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). In other words, specific jurisdiction depends on the quality and nature of the defendant's contacts with the forum state in relation to the cause of action. *See Lake*, 817 F.2d at 1421. To aid in its inquiry, the Court utilizes the Ninth Circuit's three-part test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Yahoo! Inc.*, 433 F.3d at 1205–06. The plaintiff has the burden of satisfying the first two prongs. *Lake*, 817 F.2d at 1421. If satisfied, the burden then shifts to the defendant to demonstrate unreasonableness. *Boschetto*, 539 F.3d at 1016.

  1. *Purposeful Direction*

The first prong of the three-part test "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous or attenuated contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Purposeful availment and purposeful direction, although often used interchangeably, apply to two different situations, particularly in Ninth Circuit case law. *See Schwarzenegger*, 374 F.3d at 802. Purposeful availment analysis is more often used in suits involving contracts, whereas purposeful direction analysis is used in suits involving torts. *Id.*; *see also Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma*, 972 F.3d 1101, 1107 (9th Cir. 2020).

This claim sounds in tort law because Hall alleges that Thomas "was negligent in

addressing the medical needs of Velocement." Dkt. 1, ¶12. Thus, the purposeful direction test is appropriate here. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) ("Where, as here, a case sounds in tort, courts typically employ the "purposeful direction test.").

To satisfy the purposeful direction test, the defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, [and] (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (cleaned up); *see also Panavision Int'l., L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) ("It is not required that a defendant be physically present or have physical contacts with the forum, so long as his efforts are 'purposefully directed' toward forum residents.").

Hall alleges that Thomas has horse-training service contracts with Idaho residents, boards horses in Idaho, and that his "income in recent years has relied heavily on business done with Idaho residents/entities." Dkt. 10, at 1–2. Additionally, Hall argues that Thomas has placed his product into the stream of commerce such that it reaches the forum state, that Thomas' business is commonly sought out by Idaho residents, and that he maintains business relationships with Idaho residents. Dkt 10, at 2. However, Thomas operates his business in California: he is licensed there, Hall delivered the horse there, Thomas trained and raced the horse there, and the injury occurred there. Dkt. 7, at 2–3; Dkt. 7-1, at 1.

Thomas did not expressly aim any of his intentional business actions at the forum state. In *Walden v. Fiore*, the Supreme Court emphasized that the personal jurisdiction analysis should not focus on the defendant's contacts with the plaintiff but rather the

MEMORANDUM DECISION AND ORDER - 7

defendant's contacts with the forum state. 571 U.S. 277, 288–89 (2014); *see also Buck Knives, Inc. v. Mod. Outdoors, LLC*, No. 2:18-CV-00511-EJL, 2019 WL 10891862, at *5 (D. Idaho Apr. 18, 2019) ("[A] sale into the forum is not a substantial contact where it 'involved the forum state only because that is where the purchaser happened to reside.'")(quoting *Boschetto*, 539 F.3d at 1019)).

The Court cannot rely on "a defendant's 'random, fortuitous, or attenuated contacts' or on the 'unilateral activity' of a plaintiff'" to determine personal jurisdiction. *Walden*, 571 U.S. at 286. Thomas's alleged transporting of or boarding of horses in Idaho are "random, fortuitous, or attenuated contacts" and is not an action causing harm in Idaho.

Under the purposeful availment test, the result is the same. Thomas did not purposefully avail himself of the laws of Idaho. A "showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802. However, a contract with a party in the forum state does not automatically establish the minimum contacts necessary for personal jurisdiction. *Burger King*, 471 U.S. at 479–80. The Court must also consider the parties' "prior negotiations and contemplated future consequences," the "parties' actual course of dealing," and the terms contained in the contract. *Id.* at 479, 482. Here, Thomas did not take any actions or execute or perform a contract in Idaho.

In sum, Hall has not made out a prima facie case that Thomas committed any intentional acts that may have caused harm to Hall in Idaho, and he has not made out a prima facie case that Thomas expressly aimed any acts at Idaho. As such, the Court finds

that Thomas has neither purposefully directed his activities at Idaho nor purposefully availed himself of the benefits and protections of Idaho laws.

   2. *Claims in Relation to Defendant's Activities in the Forum*

The second prong for specific jurisdiction requires that the lawsuit "arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co.*, 141 S. Ct. at 1026. "The first half of that standard asks about causation; but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing." *Id*. For the causation requirement, the Ninth Circuit implements a "but for" causation test: personal jurisdiction is proper only where "but for" the defendant's activities in the forum, the plaintiff's injuries would not have occurred. *Dole Food*, 303 F.3d at 1108.

Velocemente's injuries were entirely unrelated to Idaho. The horse was never in Idaho. Thomas was never in Idaho. Thus, it cannot be said that but for Thomas's activities in Idaho, the injuries would not have happened. Therefore, the claim does not arise out of or relate to Thomas's activities in the forum state.

   3. *Reasonableness*

The final prong for specific personal jurisdiction demands that the exercise of jurisdiction is reasonable and comports with the notions of fair play and substantial justice. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 233 F.3d 1082, 1088 (9th Cir. 2000). For this element, if the Plaintiff meets the first two prongs of specific personal jurisdiction, then the burden of proof shifts to the Defendant to show that personal jurisdiction in the forum is unreasonable. *Id*. Because Hall has not met his burden of proof on the first two prongs, Thomas did not need to prove unreasonableness. Nevertheless, the Court finds,

under the facts presented, that the exercise of specific personal jurisdiction is indeed unreasonable.

A court determines reasonableness by seven factors: (1) the extent of the defendant's purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Id*. Though the parties failed to address these factors, a review of the seven factors weighs against the exercise of specific personal jurisdiction over Thomas.

In summary, the Court finds that it lacks personal jurisdiction over Thomas. Hall has failed to meet his burden to show that Thomas purposefully directed relevant actions toward the forum state of Idaho and that the claims in this case arose from Thomas's forum-related activities. The exercise of personal jurisdiction does not comport with fair play and substantial justice and is not reasonable. Therefore, the Court GRANTS the Motion and DISMISSES the case without prejudice but grants leave to Hall to file the case in an appropriate jurisdiction.

## VI. ORDER

The Court HEREBY ORDERS:

1. Thomas's Motion to Dismiss (Dkt. 7) is GRANTED.
2. The case is DISMISSED WITHOUT PREJUDICE with leave to file in an appropriate jurisdiction.

MEMORANDUM DECISION AND ORDER - 10

3. The Court will enter a separate judgment pursuant to Federal Rule of Civil Procedure 58.

DATED: April 8, 2022

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 11